UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Andrea L. Dammann et al.,                          Civil No. 15-3149 (MJD/FLN)
*on behalf of herself and all others similarly situated*,

Plaintiffs,

v.                                          **ORDER AND REPORT**
                                            **AND RECOMMENDATION**

Progressive Direct Insurance Company,

Defendant.

_____

Robert K. Shelquist for Plaintiffs.
Todd A. Wind and Anupama D. Sreekanth for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on May 20,

2016 on Plaintiffs' motion to stay (ECF No. 43) and Defendant's motion to dismiss (ECF No. 31).

This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C.

§ 636 and Local Rule 72.1. Order, ECF No. 37. For the reasons that follow, the Court orders that

Plaintiffs' motion is **DENIED** and recommends that Defendant's motion be **GRANTED**.

## I. FINDINGS OF FACT

Plaintiffs are Minnesota residents and purchasers of automobile insurance policies through

Defendant Progressive Direct Insurance Company ("Progressive"), who elected to pay a lower

premium and be subject to a $100 deductible for Personal Injury Protection ("PIP") benefits. Under

the provisions of these insurance policies, Progressive applies a $100 deductible to its insureds'

medical-expense coverage and a $200 deductible to its insureds' economic-loss coverage. Sreekanth

1

Decl. Ex. A, at 11–12, ECF No. 34. In other words, insureds who have $20,000 in coverage and incur that amount or more in medical or economic-loss expenses receive a benefit payment of $19,900 or $19,800, respectively. Compl. 3, ECF No. 1-1; ECF No. 34, Ex. A, at 11–12. Plaintiffs purport to represent a class of individuals who incurred medical expenses of $20,000 or more but received only $19,900 in benefit payments. *Id.* at 4.

Plaintiffs initially filed this class-action lawsuit in Minnesota state court, alleging that Progressive violated the Minnesota Consumer Fraud Act ("MCFA"), the Minnesota Deceptive Trade Practices Act ("MDTPA"), the Minnesota Declaratory Judgments Act ("MDJA"), and Minnesota state common law by selling insurance policies with benefits that fell below the statutory minimum.[1] *See generally* Compl., ECF No. 1-1; *see also* Minn. Stat. §§ 325.68 *et seq.*, 325D.44 *et seq.*, 555.01 *et seq.* Specifically, Plaintiffs contend that each member of the putative class is entitled to reimbursement of $100 medical-expense shortages; revenue resulting from the under-payments; refund of premiums; injunctive, declaratory, and equitable relief as necessary; and attorneys' fees as allowed by law. ECF No. 1-1 at 8–14.

## II. CONCLUSIONS OF LAW

### A.    Plaintiffs' Motion to Stay (ECF No. 43)

Plaintiffs seek to (1) stay all proceedings in this case, and (2) certify the following question of law to the Minnesota Supreme Court: *Whether and to what extent does the Minnesota No Fault Act allow an insurance company to apply deductibles to basic economic loss benefit payments in such a way that reduces the maximum amount payable to insureds to less than the $20,000 statutory*

---

[1]

The Minnesota No Fault Act requires all Minnesota automobile drivers to obtain insurance plans that provide coverage for $20,000 medical-expense loss and $20,000 for economic loss. Minn. Stat. §§ 65B.41–65B.71.

2

*minimum?*

Courts have the inherent power to stay proceedings of an action in order to control their docket, conserve judicial resources, and provide just determination of pending cases. *Kemp v. Tyson Seafood Grp., Inc.*, 19 F. Supp. 2d 961, 964 (D. Minn. 1998) (citing *Landis v. N. Am. Co.*, 299 U.S. 248 (1936)). A decision to stay proceedings is within the broad discretion of the court. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). The Minnesota Supreme Court may answer a question of law certified to it by a court of the United States "if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision, or statute of this state." Minn. Stat. § 480.065, subdiv. 3. It is in the discretion of a federal court to certify a question to a state supreme court. *Johnson v. John Deere Co.*, 935 F.2d 151, 153 (8th Cir. 1991).

Section 65B.44 of the Minnesota No Fault Act is controlling and clear: "Basic economic loss benefits shall provide reimbursement for all loss suffered through injury arising out of the maintenance or use of a motor vehicle, *subject to any applicable deductibles*, exclusions, disqualifications, and other conditions, and shall provide a minimum of $40,000 for loss arising out of the injury of any one person." Minn. Stat. § 65B.44, subdiv. 1(a) (emphasis added). The Minnesota Court of Appeals has also held that "[t]he language 'subject to any applicable deductibles, exclusions, disqualifications, and other conditions' qualifies the preceding clause and restricts the amount of basic economic-loss reimbursement that must be paid to reimburse injury." *Olson v. Am. Family Mut. Ins. Co.*, 636 N.W.2d 598, 603 (2001).

In this case, the statute is clear and the Minnesota Court of Appeals' guidance makes this Court confident that it can interpret and apply the law. The Court declines to stay the case or to

certify the issue to the Minnesota Supreme Court. Plaintiffs' motion to stay the case is therefore denied.

**B.      Defendant's Motion to Dismiss (ECF No. 31)**

There is no factual dispute between the parties in this case. Plaintiffs concede that the basis of their claims is Progressive's allegedly unlawful practice of applying an optional deductible to PIP coverage on $20,000 policies where the insured incurs $20,000 or more in medical or economic-loss expenses. ECF No. 1-1 at 3; Pls.' Opp'n Mem. 4, ECF No. 42. Progressive asserts that its practice is not unlawful, relying on the case *Aarvig v. Liberty Mutual Fire Insurance Company*, 287 F. Supp. 2d 1000 (D. Minn. 2003). Plaintiffs' counsel admitted at the hearing that *Aarvig*'s holding, if accepted by this Court, would be fatal to Plaintiffs' case. In other words, Plaintiffs concede that if this Court concludes, pursuant to *Aarvig*, that Progressive's practices do not violate the Minnesota No Fault Act, then all of the counts in their Complaint should be dismissed. However, Plaintiffs claim that *Aarvig* was wrongly decided. Plaintiffs also admit that the policies in question clearly state how the deductible will be applied, but contend that Progressive's practice of offering consumers the option to elect a deductible is unlawful. *See* ECF No. 34, Ex. A, at 11–12.

**1.      Legal Standard**

In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002). Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions that are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary

4

pretrial and trial activity. *See Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and may not merely state legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must contain enough facts to state a claim for relief that is "plausible on its face," and a claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a "probability requirement," but it calls for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

### 2.     The Minnesota No Fault Act

Plaintiffs concede their claims are dependant on the application of the Minnesota No Fault Act. Therefore, the Court first addresses whether Progressive's automobile insurance policy at issue violates the Minnesota No Fault Act.

In *Aarvig*, on facts nearly indistinguishable from this case, the court held that the Minnesota No Fault Act does not preclude automobile insurers from offering deductibles. *Id.* at 1005. The plaintiff argued that the defendant violated the Minnesota No Fault Act's minimum coverage provision by applying a deductible that impermissibly lowered his benefits below the statutory minimum. *Id.* at 1002–03. The court rejected this argument, at least where "the [insurance] policy makes clear that the deductibles will reduce the total benefit amount payable pursuant" to the deductible. *Id.* at 1003. The court interpreted the clause "subject to any applicable deductibles" in

5

Minnesota Statute section 65B.44, subdiv. 1(a) as "affirming an insured's ability to elect lower premiums in exchange for reduced benefits." *Id.* In the present case, Progressive rightfully points out that in the thirteen years since *Aarvig* was decided, the Minnesota legislature has not amended the clause "subject to any applicable deductibles" nor stated that a deductible, applied to PIP coverage, that lowers an insureds benefits below the statutory minimum violates the statute. It has, however, amended the statute in other ways not applicable to this case. Therefore, the legislature has explicitly declined to overrule *Aarvig* through an amendment to the statute.

Pursuant to the principles and reasoning in *Aarvig*, the Court concludes that Progressive's insurance policy, and its practice of offering insureds the option to pay a lower premium in return for a $100 deductible, is not unlawful. Progressive's policy clearly states how it will apply the deductible to PIP coverage for an insured who elects the deductible. ECF No. 34, Ex. A, at 11–12. The policy and practice complies with the Minnesota No Fault Act. The Court next addresses each of the five Counts in Plaintiffs' Complaint in turn.

### 3.      Count I

Count I of Plaintiffs' Complaint alleges that Progressive violated the MCFA which "prohibits the use of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby." ECF No. 1-1 at 8–9 (citing Minn. Stat. § 325F.69, subdiv. 1). For the reasoning discussed above, the Court concludes that Progressive's lawful conduct was not misleading. Indeed, Plaintiffs concede that the insurance policy clearly states how the optional deductible will be applied. Therefore, Count I of Plaintiffs' Complaint should be dismissed.

4.      **Count II**

In Count II, Plaintiffs state that Progressive's conduct violated the MDTPA, which prohibits deceptive trade practices. ECF No. 1-1 at 10; Minn. Stat. § 325D.44. The MDTPA prohibits the use of confusion or misunderstanding or false representation to sell products to consumers. *Id.* Plaintiffs argue that Progressive violated the MDTPA by selling Plaintiffs a policy that did not provide minimum coverage required by the Minnesota No Fault Act. ECF No. 1-1 at 10. In concluding that Progressive's practice of offering consumers a deductible is not unlawful, the Court finds that Count II of Plaintiffs' Complaint should be dismissed.

5.      **Count III**

Plaintiffs assert in Count III of their Complaint that they are also entitled to a refund of the premiums paid as damages from Progressive collecting premiums and then failing to provide coverage required by Minnesota law. ECF No. 1-1 at 12. Because the Court finds that Progressive provided coverage as required by Minnesota law, Count III of Plaintiffs' Complaint should be dismissed.

6.      **Count IV**

Next, in Count IV, Plaintiffs contend that Progressive has been unjustly enriched by the amount it has unlawfully underpaid Plaintiffs and "should be ordered to render an accounting of and to disgorge the revenue resulting from the unlawful underpayment of benefits." ECF No. 1-1 at 12–13. As the Court concludes that Progressive has not unlawfully underpaid Plaintiffs, Count IV of Plaintiffs' Complaint should also be dismissed.

7.      **Count V**

In Count V, Plaintiffs seek declaratory relief declaring "Progressive's practices described

above to be unlawful and [providing] recovery of all sums determined by the Court to be owed by Progressive to Plaintiffs." ECF No. 1-1 at 13–14. The Court concludes that Progressive's practices, however, are lawful and that Progressive does not owe any money to Plaintiffs. Therefore, Count V of Plaintiffs' Complaint should also be dismissed.

### 8.      Conclusion

As stated above, the five Counts in Plaintiffs' Complaint depend on a finding that Progressive's policy violates the Minnesota No Fault Act. The Court finds that Progressive's practice of offering consumers a deductible and clearly explaining how the deductible will be applied in the policy complies with the Minnesota No Fault Act. Plaintiffs' case must therefore be dismissed in its entirety for failure to state a claim for which relief can be granted.[2]

## III. ORDER AND RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' motion to stay (ECF No. 43) is **DENIED**, and **IT IS HEREBY RECOMMENDED** that Defendant's motion to dismiss (ECF No. 31) be **GRANTED**.

DATED: May 27, 2016                           *s/Franklin L. Noel*
                                              FRANKLIN L. NOEL
                                              United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before June 14, 2016, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief

---

[2]      Because the Court resolves the issue on these grounds, it does not reach or make a determination on the other pleading deficiencies identified by Progressive in its brief.

within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by June 14, 2016 a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.